IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRIAN SCOTT PERRY,**               )
                                            )
           **Petitioner,**               )
                                            )
vs.                                  )   Civil No.  13-cv-009-CJP[1]
                                            )
**JEFFREY S. WALTON**                )
                                            )
           **Respondent.**               )

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Brian Scott Perry, an inmate in the custody of the BOP, filed a petition for writ of habeas corpus under 28 U.S.C. §2241. **(Doc. 1)**.

In 2005, a jury in the Northern District of Oklahoma convicted Perry of one count each of felon in possession of a firearm, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime.  He was sentenced to a total term of 150 months imprisonment, comprised of concurrent terms of 90 months on the first two counts, followed by a consecutive term of 60 months on the last count.  See, *U.S. v. Perry*, 2010 WL 4721528, *1, 5 (N.D. Okla. 2010) (order denying 28 U.S.C. §2255 motion).

Perry asserts that he is entitled to habeas relief because "the law enforcement officers investigating him fabricated evidence, and then perjured themselves on the witness stand at trial."  Doc. 1, p. 5.   He asserts that former

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 24.

1

Officers Gray and Wells and former ATF Agent McFadden, who were later convicted on criminal charges themselves, committed a fraud upon the court in his trial. He also argues that any procedural default on his part should be excused because he is actually innocent within the meaning of **Schlup v. Delo, 115 S. Ct. 851 (1995)**.

### Relevant Facts and Procedural History

**1.    Criminal convictions of witnesses**

As is set forth in the response to the petition, two of the witnesses who testified at Perry's trial were later convicted of crimes themselves.

In early 2009, as part of an investigation into police corruption in the Northern District of Oklahoma, the FBI set up a sting operation. This resulted in Tulsa Police Officer John Gray pleading guilty to stealing money from a "drug dealer." The person he believed to be a drug dealer was really an undercover agent. His crime occurred on May 18, 2009. Doc. 15, Ex. 3.

Tulsa Police Officer Harold Wells was convicted of stealing money in the same incident as Gray. Wells was also convicted of additional drug and gun charges. The conduct giving rise to his convictions took place in 2009. Doc. 15, p. 9; Ex. 3 & 4.

Perry also alleges that ATF Agent Brandon McFadden was convicted of crimes, but McFadden did not testify at Perry's trial.

Officer Anthony First testified at Perry's trial. Officer First was the affiant on an application for a search warrant to search Perry's residence, and took

Perry's incriminating statement after the search. Officer First was not implicated in the police corruption investigation and has not been convicted of a crime. Doc. 15, p. 4.

**2. Postconviction proceedings**

Perry filed a direct appeal in which he raised only one issue, i.e., that the trial court erred in denying his motion to exclude evidence found during a search of his residence. Among other items, the evidence included a handgun, baggies containing methamphetamine, and drug paraphernalia, See, *U.S. v. Perry*, Case No. 04-cr-189-TCK, Doc. 79 (N. D. Okla.)(Tenth Circuit order affirming convictions).

Perry then filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 in the Northern District of Oklahoma. He raised ineffective assistance of counsel. That motion was denied in November, 2010. *U.S. v. Perry*, 2010 WL 4721528 (N.D.Okla., 2010). Perry did not appeal. See, *U.S. v. Perry*, Case No. 04-cr-189-TCK, Doc. 115.

In February, 2011, Perry filed a motion for appointment of counsel in his closed criminal case, alleging that police corruption tainted his convictions. The district court denied the motion, but referred it to a Special Attorney who was then investigating police corruption cases. Case No. 04-cr-189-TCK Doc. 119.

Perry sent the trial judge a letter in October, 2011, asking the judge to appoint an attorney to review whether the police corruption investigation "merits action" in his case. The court denied the motion on October 26, 2011. In that

order, the court noted that Perry had already filed a §2255 motion, and that he would need authorization from the Tenth Circuit to file a second or successive motion.  See, *U.S. v. Perry*, Case No. 04-cr-189-TCK, Doc. 123.

In October, 2012, Perry filed a motion in the trial court entitled "Rule 60B Newly Discovered Evidence" in which he alleged that there had been a "fraud upon the Court" in his trial by Officers Gray and Wells and Agent McFadden.  The district court found that this motion constituted a second or successive §2255 motion, filed without authorization of the Court of Appeals, and dismissed the motion on November 7, 2012.  In so doing, the district court observed that "Defendant has been aware of his claim based on police corruption since February 14, 2011, at the latest, or for more than a year."  *U.S. v. Perry*, 2012 WL 5430992, *2 (N.D.Okla., 2012).

## Applicable Legal Standards

**1.     28 U.S.C. §2241**

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence.  See, **Valona v. United States, 138 F.3d 693, 694 (7th Cir.1998).**

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S. C. §2255 in the court which sentenced him.  Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction."  **Kramer v. Olson, 347 F.3d 214, 217 (7th**

**Cir. 2003**). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). See, **United States v. Prevatte, 300 F.3d 792, 798–99 (7th Cir.2002**). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." **In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)**

The Seventh Circuit has explained that, in order to fit within the savings clause following **Davenport,** a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he

could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. **Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013).** See also, **Brown v. Rios, 696 F3d 638, 640 (7th Cir. 2012).**

2.  **Actual Innocence**

After Perry filed his §2241 petition, the Supreme Court held in **McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013)**, that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." The Supreme Court reaffirmed the **Schlup** standard for a credible showing of actual innocence, cautioning that "tenable actual-innocence gateway pleas are rare" and describing the **Schlup** standard as "demanding" and "seldom met." **McQuiggin, 133 S. Ct. at 1928**.

A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. " **Schlup v. Delo, 115 S. Ct. 851, 865 (1995).** The **Schlup** standard permits habeas review of defaulted claims only in the "extraordinary case" where the petitioner has demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative,

6

that more likely than not any reasonable juror would have reasonable doubt." ***House v. Bell,*** **126 S. Ct. 2064, 2077 (2006).**

## Analysis

This Court has serious reservations about whether the actual innocence rule of ***Schlup*** and ***McQuiggin*** would permit a petitioner such as Perry to bring a §2241 petition unless he also fits within the ***Davenport*** conditions. The petitioners in ***Schlup*** and ***McQuiggin*** had been convicted in state court, and the Supreme Court held that credible claims of actual innocence could serve to excuse procedural default. Perry's petition is not barred by procedural default; it is barred by 28 U.S.C. §§ 2244(a) and 2255(e). It is not necessary for the Court to grapple with that issue, however, because petitioner has not made a credible showing of actual innocence.

Petitioner relies on the fact that two police officers who testified at his trial later committed crimes themselves. He also finds it suspicious that, sometime after his trial, Officer First was reassigned from narcotics to patrol officer. His request for information about Officer First was denied by the Tulsa Police Department. These circumstances do not come close to meeting the demanding ***Schlup*** standard. In fact, they do not suggest anything at all about Perry's innocence or guilt.

Further, the Supreme Court did not hold in ***McQuiggin*** that a credible claim of actual innocence is, in itself, a basis for habeas relief. Rather, "a convincing showing of actual innocence enable[s] habeas petitioners to overcome a

7

procedural bar to consideration of the merits of their constitutional claims." *McQuiggin*, 133 S. Ct. at 1928. Perry has not identified a constitutional error in his trial. He claims that unspecified fabricated testimony was given by law enforcement officers, but that alone does not make out a constitutional violation. See, *Bland v. Hardy*, 672 F.3d 445, 447 (7th Cir. 2012), citing *Giglio v. United States*, 92 S. Ct. 763 (1972). He has not alleged that the government violated the rule of *Brady v. Maryland*, 83 S. Ct. 1194 (1963). On the facts presented here, he could not make a *Brady* claim.

## Conclusion

Brian Scott Perry's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**. The petition is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

DATE:  March 14, 2014.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**